

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Joseph A. Piesco, Jr.
joseph.piesco@dlapiper.com
T  212.335.4537
F  917.778.8629

September 25, 2017

**VIA ECF**
The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Simeon v. Domino's Pizza LLC*, Civ. No. 17-cv-5550 (RJD)(ST)

Dear Judge Dearie:

    We represent defendant Domino's Pizza LLC ("Domino's") in the above-referenced matter. Pursuant to Section III.A of Your Honor's Individual Motion Practices, we write to respectfully request a pre-motion conference in advance of Domino's anticipated motion to compel arbitration and to stay these proceedings pending same.

    Plaintiff Peter Simeon ("Plaintiff") is a former pizza delivery driver for Domino's. On or about July 31, 2016, Plaintiff entered into a binding Arbitration Agreement with Domino's (attached hereto as Exhibit A); this agreement contains a broad, mandatory arbitration provision which expressly requires that "any claim, dispute, and/or controversy" between the parties must be submitted to arbitration. The Arbitration Agreement provides in relevant part:

> [B]oth the Company and Employee agree that *any claim, dispute, and/or controversy that the Employee or the Company may have against the other shall be submitted to and determined exclusively by binding arbitration* under the Federal Arbitration Act, 9 U.S.C. Sections 1-16. This specifically includes any claim, including any ... arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Company ... (including, but not limited to, *any claims related to wages, reimbursements,* discrimination, and harassment, whether based on state law, Title VII of the Civil Rights Act of 1964, as amended, as well as all other federal, state or local laws or regulations) .... [A]ny arbitration pursuant to this Arbitration Agreement shall be initiated with and conducted by the American Arbitration Association ....



The Honorable Raymond J. Dearie<br>September 25, 2017<br>Page 2

The Arbitration Agreement further provides that "any claim shall be arbitrated only on an individual basis and not on a class . . . basis." (Exhibit A.)

Notwithstanding the Arbitration Agreement, Plaintiff instituted the present lawsuit alleging violations of the New York Labor Law.[1]  Specifically, he contends that he (i) was not timely paid his wages in accordance with the Labor Law, (ii) was not reimbursed for certain business-related expenses, and (iii) did not receive a Wage Theft Notice. (ECF No. 1.) Plaintiff seeks to represents a putative class of Domino's employees on his first two claims. (*Id.*)

It is axiomatic that the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, requires enforcement of arbitration agreement by their terms. *See, e.g., Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Indeed, even the threshold issue of arbitrability is appropriately submitted to arbitration where the governing arbitration agreement incorporates arbitration rules – such as those of the American Arbitration Association ("AAA") – that require such questions to be resolved by an arbitrator. *See Contec Corp. v. Remote Solut., Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005). These principles equally apply with respect to wage and hour claims and the enforcement of class arbitration waivers. *See, e.g., Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013) (compelling individual arbitration of state wage and hour claims).

Here, Plaintiff's claims fall squarely within the ambit of the Arbitration Agreement and, accordingly, he is required to arbitrate same and to do so on an individual basis. Further, should Plaintiff raise any question as to the scope of arbitrability, that question should be submitted to an Arbitrator, as the Arbitration Agreement expressly incorporates, and is governed by, the Rules of AAA, which require any such questions to be decided by an Arbitrator. (*See* AAA Employment Arbitration Rules and Mediation Procedures, R. 6-A ["The arbitrator shall have the power to rule on his or her own jurisdiction . . . ."].)

In light of the foregoing, Domino's respectfully requests a pre-motion conference in advance of its anticipated motion to compel arbitration, and to stay this action during the pendency of that arbitration.

Respectfully submitted,<br><br>Joseph A. Piesco, Jr.

Enc.
cc: Abdul K. Hassan, Attorney for Plaintiff (via ECF)

---

[1] Plaintiff initiated this action in New York Supreme Court, Kings County, on or about August 30, 2017. This action was removed to this Court on September 21, 2017.