UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER SIMEON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>DOMINO'S PIZZA LLC,<br><br>                    Defendant. | Civil Action No. 17-cv-5550-RJD-ST<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
FOR SANCTIONS PURSUANT TO RULE 11 OF THE
<u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

**DLA PIPER LLP (US)**

Joseph A. Piesco, Esq.
Garrett D. Kennedy, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.:   (212) 335-4500
Fax:   (212) 335-4501
Email: joseph.piesco@dlapiper.com

Norman M. Leon, Esq.
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel:    (312) 368-4000
Email: norman.leon@dlapiper.com

*Attorneys for Domino's Pizza LLC*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT FACTS AND PROCEDURAL HISTORY ............................................................ 3

ARGUMENT ................................................................................................................................ 4

    I.    Legal Standard ................................................................................................... 4

    II.    Plaintiff's Motion Is Clearly Frivolous
         and Sanctions Should Be Ordered ..................................................................... 5

CONCLUSION ............................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page(s)**

*Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.*,
  28 F.3d 259 (2d Cir. 1994)......................................................................................................4

*Derechin v. State University of N.Y.*,
  963 F.2d 513 (2d Cir. 1992)......................................................................................................4

*Enmon v. Prospect Capital Corp*,
  675 F.3d 138 (2d Cir. 2012)......................................................................................................4

*Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*,
  603 F.3d 23 (2d Cir. 2010)....................................................................................................5, 6

*Margo v. Weiss*,
  213 F.3d 55 (2d Cir. 2000)........................................................................................................4

*Offor v. Mercy Medical Ctr.*,
  2016 WL 3566217 (E.D.N.Y. June 25, 2016),
  *aff'd* 698 Fed. App'x 11 (2d Cir. 2017) ...................................................................................4

*Schlaifer Nance & Co. v. Estate of Warhol*,
  194 F.3d 323 (2d Cir. 1999)..................................................................................................4, 5

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013)..................................................................................................................8

*Vekris v. Peoples Express Airlines, Inc.*,
  707 F. Supp. 679 (S.D.N.Y. 1988) ...........................................................................................5

*Yocupicio v. PAE Grp., LLC*,
  795 F.3d 1057 (9th Cir. 2015) ..................................................................................................8

**Statutes**

28 U.S.C. §§ 1332, 1453...................................................................................................................6

Fed. R. Civ. P. 11(b) ............................................................................................................. *passim*

Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and the Court's inherent authority, Defendant Domino's Pizza LLC ("Domino's") respectfully submits this Motion for Sanctions, which seeks sanctions, including expenses and reasonable attorneys' fees incurred, as a result of having to defend against Plaintiff's frivolous Motion to Remand and for Attorney's Fees and Costs (the "Motion" or "Mot.").[1]

## PRELIMINARY STATEMENT

Rule 11 (as well as various Rules of Professional Conduct) requires that filings with a court have a good faith basis and be grounded in fact and law. Here, Plaintiff's counsel completely and quite purposefully shirks these professional obligations in making the Motion. As clearly demonstrated in Domino's Opposition to Plaintiff's Motion (the "Opposition" or "Opp."),[2] Plaintiff and his counsel (i) present no evidence whatsoever in support of the Motion; (ii) make absurd and utterly baseless arguments which rely entirely on counsel's own speculation and conjecture; and (iii) appear to purposely mislead the Court by misstating case law and ignoring clear precedent that any reasonable attorney should know is contrary to the arguments set forth in the Motion. As if the foregoing were not enough to warrant sanctions (and Domino's posits that it should be), Plaintiff's counsel makes the Motion despite this Court's clear and repeated admonitions, at not one ***but two*** pre-motion conferences, that the very arguments he persists in making are futile and a "wast[e]" of the Court's and defense counsels' time. Suffice it to say, there is no possible good-faith basis for Plaintiff's Motion.

The salient background is set forth in the Opposition and needs not be repeated in detail here. Briefly, Plaintiff is a former Domino's delivery driver who initiated this putative wage and

---

[1] In accordance with Rule 11's 21-day "safe harbor" provision, Domino's served Plaintiff's counsel with the instant Motion for Sanctions on January 12, 2018, and demanded that he withdraw the Motion by no later than February 2, 2018.

[2] Domino's respectfully incorporates by reference herein the arguments and various positions set forth in its Opposition, dated January 18, 2018. Unless otherwise stated, capitalized terms set forth herein shall have the meaning ascribed to them as set forth in Domino's Opposition.

hour class action in New York State court on August 30, 2017. Domino's timely removed the Action to this Court on September 21, 2017, pursuant to the Class Action Fairness Act ("CAFA"), which grants federal jurisdiction over class action lawsuits that involve a putative class of more than 100 persons and an aggregate amount in controversy over $5 million. Following removal, Plaintiff's counsel informed the Court that he would be moving to remand the case, claiming that (i) CAFA's $5 million threshold is not met, (ii) this is not a "class action" because Domino's would be making a motion to compel Plaintiff to arbitrate his claims individually pursuant to an arbitration agreement containing a class action waiver, and (iii) the Court cannot exercise jurisdiction because he asserts a solitary state law claim on an individual basis. (ECF No. 7.)

Thereafter, this Court held two separate conferences to address Plaintiff's claim that he had valid bases to seek to remand the case. During these conferences, the Court cautioned Plaintiff that his arguments were baseless – a "wast[e of] everybody's time," in the Court's words. Indeed, based on defense counsels' representations regarding the many thousands of putative class members at issue, the Court noted that "there's no way [the amount in controversy is] going to be under $5 million." However, in an effort to satisfy Plaintiff and avoid clearly unnecessary motion practice, the Court requested that Domino's provide Plaintiff's counsel with a sworn Declaration confirming defense counsels' representations regarding the number of putative class members at issue and other pertinent data (such as average weeks worked and average hourly pay rates during the applicable six-year limitations period) in order to eliminate any doubt that the $5 million CAFA threshold is satisfied. The Declaration was provided on November 13, 2017. Despite the undisputed evidence provided by Domino's in the Declaration

and the Court's admonitions, Plaintiff made the Motion anyway, raising the very same arguments the Court previously rejected as a "wast[e of] everybody's time."

As set forth in Defendant's Opposition, Plaintiff's arguments do not have a scintilla of support – he provides no facts disputing the representations made in the Declaration (let alone the representations made in Domino's original removal papers), nor any legal support for his arguments, which are facially absurd and overtly frivolous. More than that, Plaintiff purposely ignores, and fails to bring to the Court's attention, extensive precedent which directly contradicts his legal arguments – a clear violation of counsel's duty of candor to the Court. Worse yet, even a cursory reading of the scant case law Plaintiff does cite shows that his "authority" is completely off-point and inapposite. Finally, Plaintiff and his counsel decided to plow ahead with this frivolous Motion despite very clear admonishments from this Court not to waste its time by making it rule on meritless arguments.

Defense counsel take their professional obligations very seriously, and do not make this application for sanctions lightly. The Motion, however, is the epitome of frivolous and vexatious litigation and a complete waste of this Court's and Domino's time and resources. For that, the Court should impose sanctions and the instant Motion for Sanctions should be granted.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

Domino's respectfully refers the Court to the recitation of relevant facts and procedural history set forth in its Opposition. (Opp. at pp.3-7.) In addition, Domino's notes that the instant Motion for Sanctions was served on counsel for Plaintiff on January 12, 2018, and was not filed with this Court until after the expiration of Rule 11's 21-day "safe harbor" provision. (*See* Declaration of Joseph A. Piesco, Jr., dated January 12, 2018, ¶ 2 and Ex. A [cover letter to

3

Plaintiff's counsel, dated January 12, 2018, enclosing Motion for Sanctions, the Opposition, and demanding withdrawal of the Motion].)

## ARGUMENT

### I.   Legal Standard

Rule 11 authorizes a district court to sanction an attorney who, without reasonable inquiry, tenders a submission that includes frivolous legal arguments that have no chance of success, and factual contentions contrary to undisputed evidence.  *See* FED. R. CIV. P. 11(b); *Offor v. Mercy Medical Ctr.*, 2016 WL 3566217, at *2 (E.D.N.Y. June 25, 2016), *aff'd* 698 Fed. App'x 11 (2d Cir. 2017).  "Sanctions under Rule 11 do not require a finding of bad faith," but rather "[t]he operative question" is "whether the argument is frivolous, *i.e.,* the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands."  *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 337 (2d Cir. 1999) (*quoting Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011)).  "Reasonableness" is measured by an "objective standard."  *Margo v. Weiss,* 213 F.3d 55 (2d Cir. 2000); *Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.,* 28 F.3d 259 (2d Cir. 1994); *Derechin v. State University of N.Y.,* 963 F.2d 513 (2d Cir. 1992).  Stated otherwise, Rule 11 does not permit an "empty-head pure-heart" defense.  *Margo,* 213 F.3d at 64 (*citing* 1993 Advisory Committee Rules, Note to 1993 amendments to Fed. R. Civ. P. 11).

A district court may also invoke its inherent powers to impose sanctions upon a finding that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.,* motivated by improper purposes such as harassment or delay."  *Offor*, at *2 (*quoting Enmon v. Prospect Capital Corp*, 675 F.3d 138, 143 (2d Cir. 2012)).  Sanctions are thus proper where an attorney's actions "are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose . . . ."  *Enmon*, 675 F.3d at 143.

4

**II.      Plaintiff's Motion Is Clearly Frivolous and Sanctions Should Be Ordered**

Plaintiff's Motion has no colorable merit as it objects to CAFA jurisdiction without any factual or legal support, all while entirely disregarding the undisputed record and this Court's explicit warnings that the very arguments made in the Motion would be a "wast[e]" of the Court and defense counsels' time, are "not reasonable," and have "virtually no chance of prevailing." (Ex. C at 9:1-8, 15:22-16:7.)  In short, Plaintiff's Motion is frivolous:  it "is utterly devoid of a legal or factual basis," it "has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Schlaifer Nance*, 194 F.3d at 337.  The fact that Plaintiff's arguments are so facially without merit and, in most instances, downright absurd, leads to only one conclusion:  the Motion was filed for improper vexatious purposes, and for no other reason than to force Domino's (and this Court) to needlessly waste its valuable time and resources having to defend against it.  Sanctions are warranted in these circumstances.  *See, e.g., Vekris v. Peoples Express Airlines, Inc.*, 707 F. Supp. 679, 682 (S.D.N.Y. 1988) (awarding sanctions where party sought to reargue summary judgment motion that it had lost).

In jurisdictional disputes under CAFA, while "[t]he party opposing remand generally bears the burden of showing that federal jurisdiction is proper," the burden shifts "once the general requirements of CAFA jurisdiction are established," leaving the movant to carry "the burden of demonstrating that remand is warranted on the basis of one of the enumerated exceptions" to CAFA jurisdiction.  *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010) (citations omitted).  Here, Defendant indisputably carried its burden – through its removal papers (ECF No. 1), at Court conferences, via the Declaration, and again in its Opposition – demonstrating that CAFA's removal requirements are demonstrably met.  (*See* Opp., § II.A.)

As previously noted, under CAFA a federal district court has original jurisdiction over any case that: (a) is a putative class action; (b) involves a class of 100 or more members; (c) satisfies minimal diversity requirements – *i.e.*, one class member has a different citizenship from one defendant; and (d) the aggregate value of the claims at issue exceeds $5 million. 28 U.S.C. §§ 1332, 1453. These requirements are indisputably satisfied here. ***First***, Plaintiff styles his lawsuit as a "class action," a fact the Court already recognized as dispositive ***before*** Plaintiff made his baseless Motion. (Ex. C at 18:3-20:7 ["[T]here's a class action for CAFA purposes because [Plaintiff] file[d] it as a class action lawsuit."].) ***Second***, the Putative Class and Subclass each exceed 100 members; indeed, Plaintiff concedes in his Complaint that there are "hundreds" of potential class members, although the Declaration makes clear that there are more than 9,000 and 6,000 members in the Putative Class and Subclass, respectively. (ECF No. 1-1, ¶¶ 24, 39; Ex. B, ¶¶ 4-5.) ***Third***, there is minimal diversity – a fact Plaintiff does not challenge in his Motion (nor could he). (*See* Opp., § II.A.) ***Finally***, CAFA's $5 million amount-in-controversy threshold is easily met, a fact established through simple grade school math, which reveals potential damages far exceeding CAFA's $5 million threshold (by many times over, no less). (*See* Opp., § II.A.) The fact of the matter is that Plaintiff seeks to represent more than 9,000 class members, making CAFA jurisdiction easily met; as aptly noted by the Court: "***[t]here's just simply no mathematical way it's going to be under $5 million***." (*See* Ex. C at 9:1-8, 15:22-16:7 [emphasis added].)

Having clearly met its *prima facie* burden under CAFA to demonstrate that removal is proper, the burden shifts to Plaintiff to prove that CAFA's requirements in fact are not satisfied. *Greenwich Fin. Servs.*, 603 F.3d at 26. Plaintiff's Motion, however, does nothing but put forward purposely incorrect and legally unsupported arguments previously rejected by the Court,

6

while offering no evidence – *not even his own affidavit* – to counter the Declaration (which, of course, he could not challenge even if he did submit some "evidence" or affidavit to this end).

Initially, Plaintiff argues that CAFA's $5 million dollar threshold is not satisfied. This is ridiculous: he offers no evidence to challenge that Domino's employed, during the class period, more than 9,000 Putative Class and 6,000 Subclass members, as indicated in the Declaration, but instead relies entirely on the unsubstantiated conjecture of his counsel, who simply argues that he just does not believe the facts in the Declaration. (Mot. at pp.6-7.) This is the very essence of frivolous as it rejects competent evidence without any basis for doing so. The fact of the matter is that the Court already recognized the frivolity of Plaintiff's argument, stating that "*there's no way it's going to be under $5 million*," that his argument is "not reasonable" and that it has "virtually no chance of prevailing." (Ex. C at 9:1-8, 15:22-16:7.)

Plaintiff also argues his lawsuit, pled as a "class action," is not, in fact, a "class action" because Defendant intends to compel arbitration on an individual basis. (Mot., § III.1.) This is nonsense and flies in the face of Plaintiff's own Complaint; his counsel's argument before this Court that he will oppose any application to compel arbitration; his stated intention to pursue class claims if remanded; and extensive and well-settled precedent holding that CAFA jurisdiction (like all removal jurisdiction) is established based on the pleadings, and is not affected by the subsequent actions of the parties – which case law Plaintiff speciously ignores. (*See* Opp., § II.B.2 [collecting cases].) In fact, Plaintiff already made this argument before the Court and – again – it was roundly rejected: as this Court clearly put it, "*there's a class action for CAFA purposes because [Plaintiff] file[d] it as a class action lawsuit*." (Ex. C at 18:11-13 [emphasis added].) And the only case that Plaintiff cites actually *affirms* CAFA jurisdiction, while saying nothing about whether such jurisdiction is waived by a prospective motion (which,

7

of course, ample precedent says it is not, *see* Opp., § II.B.2). *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

Finally, Plaintiff argues that because he asserts one non-class state law claim, CAFA jurisdiction is precluded. It is, of course, axiomatic that a Court may exercise supplemental jurisdiction over such claims, including in the CAFA context. (*See* Opp., § II.B.3 [collecting cases].) As usual, Plaintiff offers no authority supporting his position, but cites an inapposite case that speaks only to whether "representative" claims constitute "class" claims for purposes of aggregating damages to meet CAFA's jurisdictional threshold. *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057 (9th Cir. 2015). That obviously has no bearing here.

In short, Plaintiff's Motion is frivolous and his insistence on bringing it, even after the Court expressly rejected his principal arguments as a "wast[e of] everybody's time," clearly was motivated by bad faith. Sanctions are all the more appropriate given that Plaintiff saw fit to make this Motion, *inter alia*, without proffering any evidence to support his claims; based on unsupported speculation that the representations in the Declaration are somehow incorrect or faulty; without a single case supporting his arguments; and while ignoring extensive precedent directly contrary to his positions. This is the very essence of sanctionable conduct, and Plaintiff should not be permitted to disregard his obligations to properly and reasonably investigate the facts and law surrounding his claims, nor should his improper and clearly vexatious behavior be countenanced.

## **CONCLUSION**

For these reasons, Domino's respectfully requests that this Court impose Rule 11 sanctions against Plaintiff and/or his counsel and award Domino's costs and attorneys' fees

8

incurred in connection with Plaintiff's Motion to Remand and for Attorneys' Fees and Costs and these proceedings, as well as such other relief as the Court deems appropriate.

Dated: January 12, 2018
      New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ Norman M. Leon
     Norman M. Leon

Joseph A. Piesco, Esq.
Garrett D. Kennedy, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.:  (212) 335-4500
Fax:  (212) 335-4501
Email: joseph.piesco@dlapiper.com

Norman M. Leon, Esq.
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel:  (312) 368-4000
Email: norman.leon@dlapiper.com

*Attorneys for Defendant Domino's Pizza LLC*

9