UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER SIMEON, individually and on behalf of other similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>DOMINO'S PIZZA LLC,<br><br>                    Defendant. | Civil Action No. 17-cv-5550-RJD-ST<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOMINO'S PIZZA LLC'S
<u>MOTION TO COMPEL INDIVIDUAL ARBITRATION</u>**

**DLA PIPER LLP (US)**
Joseph A. Piesco, Esq.
Garrett D. Kennedy, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

Norman M. Leon, Esq.
444 West Lake Street, Suite 900
Chicago, Illinois 60606
(312) 368-4000

*Attorneys for Defendant
Domino's Pizza LLC*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF RELEVANT FACTS......................................................................................2

    I.    Plaintiff Agreed To Arbitrate "Any Claim"
          Against Domino's On An Individual Basis ...................................................................2

    II.   Plaintiff Has Ignored The Requirement To Arbitrate His Claims ....................................3

    III.  Plaintiff Conceded That The Arbitration Agreement Is Enforceable................................4

ARGUMENT.................................................................................................................................5

    I.    Federal Law Mandates Enforcement Of The Parties' Arbitration Agreement ...................5

    II.   Plaintiff Is Required To Arbitrate His Claims On An Individual Basis ............................7

CONCLUSION..............................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Allied-Bruce Terminix Cos. v. Dobson*,
   513 U.S. 265 (1995) ................................................................................................................5

*Am. Express Co. v. Italian Colors Rest.*,
   133 S. Ct. 2304 (2013) ............................................................................................................8

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) ................................................................................................................6

*Bynum v. Maplebear, Inc.*,
   2016 WL 5373643 (E.D.N.Y. Sept. 19, 2016) .......................................................................7

*Circuit City Stores, Inc. v. Adams*,
   532 U.S. 105 (2001) ................................................................................................................7

*Cohen v. UBS Fin. Servs., Inc.*,
   799 F.3d 174 (2d Cir. 2015) ...................................................................................................6

*CompuCredit Corp. v. Greenwood*,
   565 U.S. 95 (2012) ..................................................................................................................6

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) ................................................................................................................1

*Epic Systems Corp. v. Lewis*
   No. 16-285, 2018 WL 2292444 (U.S. May 21, 2018) ...................................................*passim*

*First Options of Chicago, Inc. v. Kaplan*,
   514 U.S. 938 (1995) ................................................................................................................7

*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*,
   815 F.2d 840 (2d Cir. 1987) ...................................................................................................6

*KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*,
   184 F.3d 42 (1st Cir. 1999) .....................................................................................................5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ....................................................................................................................6

*Prima Paint Corp. v. Flood & Conklin Mfg. Corp.*,
   388 U.S. 395 (1967) ................................................................................................................5

*Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*,
   559 U.S. 662 (2010) .................................................................................................................7

*Sutherland v. Ernst & Young LLP*,
   726 F.3d 290 (2d Cir. 2013) ..................................................................................................7, 8

**Statutes**

9 U.S.C. § 1, *et seq.* ...........................................................................................................*passim*

28 U.S.C. § 1332(d) .................................................................................................................3, 4

Defendant Domino's Pizza LLC ("Domino's" or "Defendant") respectfully submits this memorandum of law in support of its motion to compel plaintiff Peter Simeon ("Simeon" or "Plaintiff") to arbitrate his claims against Domino's on an individual basis.

## **PRELIMINARY STATEMENT**

In his Complaint, Plaintiff, a former employee of Domino's, alleges various wage-related claims under the New York Labor Law and further seeks to represent a putative class of purportedly similarly-situated Domino's employees. While Domino's denies the claims and allegations in Plaintiff's Complaint, his claims are not properly before this Court: in connection with his former employment relationship with Domino's, Plaintiff entered into an agreement whereby he specifically agreed to submit any and all disputes he had with Domino's regarding his employment to binding arbitration, including the very types of claims asserted in this action (the "Arbitration Agreement"). Moreover, Plaintiff agreed that he would arbitrate his claims on an individual basis. In that regard, the Arbitration Agreement contains a valid and enforceable waiver of Plaintiff's right to pursue any claims against Domino's on a class, collective or representative basis.

The parties' Arbitration Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). As the United States Supreme Court has repeatedly held, the FAA "mandates that district courts **shall** direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). Furthermore, the Supreme Court has declared that arbitration must proceed on the terms agreed to by the parties, as reflected in their arbitration agreements. Less than one week ago, in *Epic Systems Corp. v. Lewis*, the Supreme Court confirmed the continued import of this principle, holding that class action waivers contained in

arbitration agreements are valid and must be enforced under the FAA. No. 16-285, 2018 WL 2292444, at *3 (U.S. May 21, 2018).

Accordingly, and for the reasons set forth below, Domino's respectfully requests that the Court compel Plaintiff to arbitrate his purported claims against Domino's, and do so on an individual basis.

## STATEMENT OF RELEVANT FACTS

### I. Plaintiff Agreed To Arbitrate "Any Claim" Against Domino's On An Individual Basis

Plaintiff alleges that he worked as a pizza delivery driver for Domino's from around April 2016 until March 2017. (Piesco Decl., Ex. A, ¶¶ 11-12.)[1] In consideration for his continued employment, on July 31, 2016, Plaintiff and Domino's entered into a binding Arbitration Agreement. (Piesco Decl., Ex. B.) The Arbitration Agreement contains a broad arbitration clause which mandates that "any claim, dispute, and/or controversy" between Plaintiff and Domino's (with limited exceptions not applicable here) must be submitted to arbitration. Specifically, the Arbitration Agreement states, in relevant part:

> [B]oth the Company and Employee agree that ***any claim, dispute, and/or controversy that the Employee or the Company may have against the other shall be submitted to and determined exclusively by binding arbitration*** under the Federal Arbitration Act, 9 U.S.C. Sections 1-16. This specifically includes any claim, including any claim brought on an individual, class action, collective action, multiple-party, or private attorney general basis by Employee or on Employee's behalf, Employee may have against the Company, which would otherwise require or allow access to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association

---

[1] A copy of Plaintiff's Complaint is attached as Exhibit A to the accompanying Declaration of Joseph A. Piesco, dated May 25, 2018 ("Piesco Decl."). True and correct copies of all exhibits ("Ex. [_]") referenced herein are attached to the Piesco Declaration.

2

> with the Company, whether in contract, in tort, pursuant to statute, regulation, or ordinance, or in equity or otherwise (including, but not limited to, *any claims related to wages, reimbursements,* discrimination, and harassment, whether based on state law, Title VII of the Civil Rights Act of 1964, as amended, as well as all other federal, state or local laws or regulations) . . . . [A]ny arbitration pursuant to this Arbitration Agreement shall be initiated with and conducted by the American Arbitration Association . . . .

(Piesco Decl., Ex. B [emphasis added] at p.1.)

The Arbitration Agreement further requires that Plaintiff arbitrate his claims on an individual basis only:

> **Form of Arbitration.**  In any arbitration, any claim shall be arbitrated *only on an individual basis and not on a class, collective, multi-party, or private attorney general basis*. Employee and the Company expressly waive any right to arbitrate as a class representative, as a class member, in a collective action, or in or pursuant to a private attorney general capacity, and there shall be no joinder or consolidation of parties.

(*Id.* [emphasis added].)

## II.  Plaintiff Has Ignored The Requirement To Arbitrate His Claims

On August 30, 2017, following the cessation of his employment, Plaintiff filed this action against Domino's in the Supreme Court of New York, Kings County.  (Piesco Decl., Ex. A.) Domino's subsequently removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In the Complaint, Plaintiff, on behalf of himself and several putative classes, asserts various wage claims under Article 6 of the New York Labor Law:

> (i) In his first cause of action, Plaintiff claims he was not paid wages in a timely manner (*i.e.*, he was paid bi-weekly instead of weekly) (*see* Piesco Decl., Ex. A, ¶¶ 20-34);
>
> (ii) In his second cause of action, Plaintiff claims he was not reimbursed for certain expenditures, such as gas and similar expenses, incurred in connection with the performance of his duties (*see id.*, ¶¶ 35-49); and

3

   (iii) In his third cause of action, Plaintiff claims he did not receive a Wage Theft Notice from Domino's at the start of his employment (*see id.*, ¶¶ 50-54).

With respect to the first and second causes of action, Plaintiff seeks to represent a class of purportedly similarly situated current and former employees of Domino's. (*Id.*, ¶¶ 20-49.)

### III.  <u>Plaintiff Conceded That The Arbitration Agreement Is Enforceable</u>

  Plaintiff and his counsel repeatedly have acknowledged and conceded, orally and in writing to this Court, that the Arbitration Agreement, and the class action waiver contained therein, is valid and enforceable.[2] For instance, on October 21, 2017, Plaintiff sought leave to move to remand this action to New York state court, based on the misplaced theory that this Court did not have jurisdiction under CAFA. (ECF Nos. 8, 8-1.) Plaintiff's motion was expressly premised on the enforceability of the Arbitration Agreement: he argued (wrongly and without any support) that because the Arbitration Agreement is enforceable, and because it contains a class action waiver, there was no "class action" for purposes of establishing CAFA jurisdiction. (*Id.*) And, at the pre-motion conference held before Magistrate Judge Tiscione on November 8, 2017, Plaintiff's counsel repeatedly stated that the Arbitration Agreement's class action waiver is valid and enforceable. (*See, e.g.,* Piesco Decl., Ex. C at 17:8-18, 18:14-19, 20:2-5 ["[w]e're not contesting the enforceability [of the class action waiver]"].)

  Despite the overwhelming undisputed evidence establishing CAFA jurisdiction (and this Court's admonishments), Plaintiff moved to remand. (ECF No. 16.) In his remand motion, Plaintiff again conceded that the Arbitration Agreement "*is currently valid under Second Circuit precedent*." (*Id.* at 3-4 [emphasis added].) Indeed, in his reply Plaintiff argued that the Arbitration Agreement was enforceable and conceded "there is no genuine dispute that the

---

[2]  Notwithstanding Plaintiff's numerous concessions, and this Court's repeated admonishments that Plaintiff's counsel not to waste its time and resources with meritless motions, Plaintiff forced Domino's to make the instant Motion.

4

parties are bound in this Court by the class action waiver they signed." (ECF No. 17 at 1-5; *see also* ECF No. 25 at 2 [Plaintiff's opposition to Defendant's motion for sanctions].) Plaintiff and his counsel further conceded that the class action waiver contained in the Arbitration Agreement "prohibits Plaintiff from pursuing a class action in this court." (*Id.*)

Finally, on May 9, 2018, this Court heard oral argument on Plaintiff's motion to remand. (ECF No. 26.) At argument, Plaintiff's counsel once again acknowledged that the Arbitration Agreement and the class action waiver contained therein are valid and binding, stating, *inter alia*: (1) "[u]nder federal law, the waiver is valid"; and (2) "[h]ere, you not only have a waiver agreed to by the plaintiff, it's agreed to by the defendant." (*See* Piesco Decl., Ex. D at 2:22-3:1, 4:14-5:14, 18:4-15.)

## ARGUMENT

**I.    Federal Law Mandates Enforcement Of The Parties' Arbitration Agreement**

The FAA governs the enforcement of the parties' Arbitration Agreement.[3]  Specifically, Section 2 of the FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

---

[3]    The Arbitration Agreement clearly falls within the scope of the FAA. The FAA applies whenever there is an agreement to arbitrate contained in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2; *see also Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995). The term "commerce" is to be broadly construed. *Prima Paint Corp. v. Flood & Conklin Mfg. Corp.*, 388 U.S. 395, 401-02 (1967). In fact, the Supreme Court has held that the FAA extends to the full reach of the Commerce Clause. *See Allied-Bruce Terminix Cos.*, 513 U.S. at 273-74. The Arbitration Agreement was entered into between Plaintiff, a resident of New York, and Domino's, a Michigan LLC with its principal place of business in Michigan. A relationship between diverse parties such as this plainly evidences "commerce" among the several states for purposes of the FAA. *See KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 49 (1st Cir. 1999) (franchise agreements between Massachusetts franchisee and Illinois franchisor "implicate interstate commerce, thus subjecting them to the reach of the FAA").

The Supreme Court repeatedly has confirmed that the FAA embodies the "liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012); *accord AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ("[T]he 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'"). In fact, the FAA is more than a mere endorsement of arbitration – it is a mandate. *See also Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 177 (2d Cir. 2015) ("If the parties intended to arbitrate a dispute, courts are generally required to 'enforce [such] agreements . . . according to their terms.'"). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts ***shall*** direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir. 1987) (*quoting Dean Witter Reynolds*, 470 U.S. at 218) (emphasis in original); *see also* 9 U.S.C. § 4 ("upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court ***shall*** make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement") (emphasis added).

Here, in light of Plaintiff's concessions and the broad terms of the arbitration agreement, there is no question about either the making of the Arbitration Agreement or the scope of that agreement. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"). Plaintiff's claims in this lawsuit are expressly encompassed within the scope of the Arbitration Agreement, which unambiguously mandates the arbitration of "any claim, dispute, and/or controversy that the Employee or the Company may have against the other" and specifically provides that claims regarding "wages [or] reimbursements" arising under state law

6

and claims "arising from, related to, or having any relationship or connection whatsoever with Employee's . . . employment by . . . or other association with the Company" must proceed "exclusively" in arbitration.[4] (*See* Piesco Decl., Ex. B.)

However, even if there was some question regarding the validity or scope of the Arbitration Agreement, Plaintiff would be required to submit any such question to arbitration, as the parties' specifically agreed to submit to arbitration "any claim, dispute and/or controversy relating to the scope, validity, or enforceability of th[e] Arbitration Agreement."[5] It is well-settled that challenges to the validity or scope of an arbitration agreement must be referred to an arbitrator if there is "clear and unmistakable evidence" that the parties intended the issue of arbitrability to be decided by the arbitrator. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995).

## II.  Plaintiff Is Required To Arbitrate His Claims On An Individual Basis

At this juncture, there is no debate that class action waivers contained in arbitration agreements are to be enforced. As the U.S. Supreme Court recently pronounced, "[i]n the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings."[6] *Epic Sys. Corp.*, 2018 WL 2292444, at *3; *see also Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 559 U.S.

---

[4] Courts routinely mandate arbitration of exactly the types of claims asserted here. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) (where a valid arbitration agreement exists, the FAA compels arbitration of federal and state employment law claims); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013) (reversing district court and compelling arbitration of state wage and hour claims); *Bynum v. Maplebear, Inc.*, 2016 WL 5373643 (E.D.N.Y. Sept. 19, 2016) (compelling arbitration of wage claims under New York Labor Law).

[5] In addition, the Arbitration Agreement provides that arbitration "shall be initiated with and conducted by the American Arbitration Association . . . ." *Id*. Rule 6(a) of the Rules of the American Arbitration Association provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."

[6] Moreover, as noted, Plaintiff repeatedly has conceded that "there is no genuine dispute that the parties are bound in this Court by the class action waiver they signed" and that he does "not contest[] the enforceability" of the Arbitration Agreement. (ECF Nos. 17 at 4, 25 at 2; *see also* Ex. C, 17:8-18, 18:14-19, 20:2-5; Ex. D, 2:22-3:1, 4:14-5:14, 18:4-15.)

7

662, 684 (2010) (emphasis in original) ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so."). More specifically, the Supreme Court made clear class action waivers in arbitration agreements like the one before this court must be enforced. *Epic Sys.*, 2018 WL 2292444 (holding that the FAA requires federal courts to enforce class action waivers in arbitration agreements); *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304 (2013) (upholding a contractual waiver of class arbitration under the FAA). The Second Circuit has held likewise, including with respect to claims under New York's wage and hour statutes. *See Sutherland*, 726 F.3d at 299 (reversing district court and compelling arbitration of federal and New York State wage and hour claims on an individual basis).

Based on the foregoing, the Court not only should enforce Plaintiff's contractual obligation to arbitrate his claims, but also his contractual obligation to do so on an individual basis.

## CONCLUSION

For these reasons, Domino's respectfully submits that the Court should (i) compel arbitration of Plaintiff's claims pursuant to the FAA; (ii) order that Plaintiff is required to arbitrate his claims on an individual basis; and (iii) issue such other and further relief as the Court deems just and proper, including without limitation Defendant's attorneys' fees and costs associated with the making of this motion.

8

Dated: New York, New York
May 25, 2018

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ Norman M. Leon
    Norman M. Leon

Joseph A. Piesco, Esq.
Garrett D. Kennedy, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.:   (212) 335-4500
Fax:   (212) 335-4501
Email: joseph.piesco@dlapiper.com

Norman M. Leon, Esq.
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel.:   (312) 368-4000
Email: norman.leon@dlapiper.com

*Attorneys for Defendant*
*Domino's Pizza LLC*

9